**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| THEA PINKSTON,<br>Plaintiff,<br>v.<br>CONDUENT STATE & LOCAL SOLUTIONS, INC.,<br>Defendant. | Civil Action No.<br>1:24-cv-05413-SDG |

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Regina D. Cannon [ECF 31], which recommends that Defendant Conduent State & Local Solutions, Inc.'s motion for summary judgment [ECF 28] be granted. Plaintiff Thea Pinkston objected [ECF 34], and Conduent filed a response [ECF 35]. After careful consideration, Pinkston's objections are **OVERRULED** and the R&R's recommendation is **ADOPTED**.

## I. Applicable Legal Standards

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must make a *de novo* determination of those findings or recommendations to which an objection has been made. 28 U.S.C.

§ 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a); a fact is "material" if it could change the outcome of the case, and a dispute is "genuine" if a reasonable jury could resolve it in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The purpose of summary judgment is to test "the need for a trial"—to look for "factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

## II. Discussion

Pinkston brought a claim against her former employer, Conduent, under the Age Discrimination in Employment Act (ADEA) in connection with the termination of her employment as part of a reduction-in-force (RIF).[1] The R&R recommends that Conduent's motion for summary judgment be granted because Pinkston failed to present sufficient evidence from which a fact-finder might infer she was discriminated against because of her age.[2] Pinkston objects to the R&R's

1 ECF 1.

2 ECF 31.

conclusion.[3] Specifically, Pinkston contends that the R&R misconstrued, and applied an "overly restrictive standard" to, the evidence.[4]

The R&R focused on analyzing the evidence under the *McDonnell Douglas* framework.[5] But it also concluded that Pinkston did not present a "convincing mosaic" of circumstantial evidence of intentional age discrimination either.[6] *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2001) ("A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.") (citations omitted). Pinkston's objections do not address the convincing mosaic standard at all.[7] Regardless of the framework applied, the ultimate question is whether Pinkston has "present[ed] enough circumstantial evidence to raise a reasonable inference of

---

3 ECF 34.

4 *Id.* at 2.

5 ECF 31, at 9–16.

Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1993), a plaintiff bears an initial burden of establishing a *prima facie* case of discrimination. If a *prima facie* case is established, the burden shifts to the defendant to present a legitimate, nondiscriminatory reason for its actions. If the defendant meets its burden, the plaintiff must demonstrate that the defendant's reason was merely a pretext for unlawful discrimination. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019).

6 ECF 31, at 16.

7 ECF 34.

intentional discrimination." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 947 (11th Cir. 2023). She has not.

**A. The Evidence**

The evidence, viewed most favorably to Pinkston, shows the following. Conduent is a business-services company.[8] Pinkston worked there from 2015 to 2024.[9] Specifically, she worked on an escalation team for a call-center project for the Bay Area Toll Authority (BATA), serving in a "lead" role.[10] Only two people worked on the BATA project, Pinkston and Larry Jacko. Pinkston worked remotely on the east coast while Jacko worked on the west coast.[11]

In 2024, Conduent initiated the RIF. Pinkston presented evidence that, company-wide, more than twice as many people aged 40 or over were RIF'ed than those under 40.[12] But the total size is small—of 48 employees eligible for the RIF, only 13 were terminated, nine of whom were over 40.[13] Of the ten people with Pinkston's title (Customer Experience Associate III, or CEA-III), two were laid off (Pinkston, age 54, and another employee, just under 49 years old). Of those CEA-

---

8 ECF 31, at 1.

9 *Id.* at 1–2.

10 *Id.* at 2.

11 *Id.* at 2–3.

12 *Id.* at 3–4.

13 *Id.* at 3.

IIIs who were retained, four were under 40, and four were over.[14] Jacko, who was 47, retained his position.[15] Pinkston contends that employees who were retained were "substantially younger," *i.e.*, more than five years younger than her, and that she was the oldest employee selected for termination.[16]

Pinkston's supervisor told her that she was not being terminated because of performance issues; he didn't think she should be laid off; and he had recommended that she keep her job.[17] The BATA project delivery manager who made the termination decision reported that he selected Pinkston for the RIF because (1) he believed the escalation-team job could be performed by one person (rather than two); (2) Jacko was located on the west coast, so his work schedule more closely aligned with the operational hours of the call center; and (3) Jacko's performance metrics were better than Pinkston's, specifically with regard to his completion of service requests.[18] Pinkston asserts that her performance exceeded expectations and she was never disciplined.[19] She also contends that her position involved more "leadership-level" work such that comparing her performance

---

14 *Id.* at 3–4.

15 *Id.* at 4.

16 ECF 34, at 5–7.

17 ECF 31, at 4.

18 *Id.* at 5.

19 ECF 34, at 8–9.

metrics to Jacko was "inherently inconsistent."[20] But Pinkston also insists that Jacko is a proper comparator.[21] No one was hired to replace Pinkston and no other people were hired as CEA-IIIs in the year after her termination.[22] No one ever made any age-related comments to Pinkston in the workplace.[23]

**B. Analysis**

In an ADEA case, the plaintiff must offer evidence sufficient to establish that age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175–80 (2009); *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013). The evidence must be "sufficient to permit a reasonable fact finder to conclude that the discriminatory animus was the 'but-for' cause of the adverse employment action." *Sims*, 704 F.3d at 1332. Here, that means Pinkston was required to put forward evidence from which a jury could find that her employment was terminated because of her age.

While Pinkston's statistical evidence might permit a weak inference that age may have played a role in Conduent's decisions about whom to RIF, without more, it does not plausibly indicate that age was a motivating or determining factor in

---

20 *Id.* at 9.

21 *Id.* at 7–8.

22 ECF 31, at 5–6.

23 *Id.* at 6.

anyone's layoff—let alone establish that Pinkston would not have been terminated if she were younger. Pinkston has not put forward any evidence that the BATA project delivery manager who made the decision to terminate her employment considered her age at all or even knew what her age was when making the decision.

Pinkston objects that the manager's reasons for why Jacko was retained and she was not are pretextual.[24] But her objections simply amount to her disagreement that those reasons were good ones. She has not presented evidence that the reasons were a cover for intentional discrimination—that she was terminated *because of* her age. *Sims*, 704 F.3d at 1334 ("We conclude that the record reveals either no evidence at all of age bias on the part of [the decision-maker], or an inference so weak (especially as compared to the overwhelming evidence of the legitimacy of [the] decision) that it would fall far short of satisfying Sims' burden of proving that age bias on the part of [the decision-maker] was the 'but-for' cause" of Sims' termination.). As a result, Pinkston cannot succeed on her ADEA claim.

## III. Conclusion

Pinkston's objections [ECF 34] are **OVERRULED**. The Court **ADOPTS** the R&R's [ECF 31] recommendation that Conduent's motion for summary judgment [ECF 28] be **GRANTED**.

---

24 ECF 34, at 10–12.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** in favor of Defendant and to **CLOSE** this case.

**SO ORDERED** this 29th day of September, 2026.

Steven D. Grimberg
United States District Judge